**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

PRABHJIT SINGH,

                                   Petitioner,

v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, et al.,

                                   Respondents.

Case No.:  3:26-cv-00261-RBM-MSB

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

        Pending before the Court is Petitioner Prabhjit Singh's ("Petitioner") Verified Emergency Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner claims he is being detained by the United States Immigration and Customs Enforcement ("ICE") in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 8, 29–37.)  For the reasons set forth below, the Petition is **<u>GRANTED</u>**.

## I.        <u>BACKGROUND</u>

        Petitioner, a citizen of India, entered the United States without inspection on or around April 25, 2023.  (Doc. 1 at 3, Preliminary Statement ¶ 1.)[1]  Petitioner claimed

---

[1]  The Court notes the paragraph numbering in the Petition restarts after the "Facts" section. (*See* Doc. 1 at 4.)  As such, the Court cites the paragraph numbers as listed in the Petition and the corresponding CM/ECF electronic pagination unless otherwise noted.

3:26-cv-00261-RBM-MSB

asylum and "was issued a Notice to Appear dated April 26, 2023, charging him with being an alien present in the United States who has not been admitted or paroled." (*Id.*) "Upon information and belief, at that time, ICE made a determination that Mr. Singh was neither a flight risk nor a danger to the community, and released him." (*Id.* ¶¶ 1, 3.) On July 10, 2025, Petitioner was re-detained while attending a routine ICE check-in at its Santa Ana office. (*Id.* at 4, Facts ¶¶ 1, 4.) Plaintiff alleges that ICE did not have a warrant for his detention at the time of his arrest. (*Id.* ¶ 1.) Plaintiff remains detained at the Imperial Regional Detention Facility and his asylum application is still pending before the Board of Immigration Appeals. (*Id.* ¶¶ 1, 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims that his continued detention violates the INA and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 9, 29–37.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a), and entitled to a bond hearing. (Doc. 4 at 2.) Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.

However, Petitioner argues that the Court should order his immediate release and for Respondents to not re-detain him without a pre-deprivation hearing. (Doc. 1, Prayer

2

for Relief ¶ 6; Doc. 5 at 1.)  The Court agrees.[2]

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "[A]lthough in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the conditions of release.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (applying analysis in the parole context)).

To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  The Court must consider: (1) "the private interest that will be affected by the official action;" (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

In this case, all three factors support a finding that Petitioner's re-detention without notice, reasoning, or an opportunity to be heard deprived Petitioner of his due process rights.  First, Petitioner has a significant liberty interest in remaining out of custody given that he was released in April 2023.  Second, the risk of erroneous deprivation of those

---

[2]  Respondents did not respond to Petitioner's argument that immediate release is proper. "Generally, a party waives argument when it fails to respond to an argument made to the court." *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)).  Therefore, this alone may be grounds to grant Petitioner's immediate release.

3

rights is high. "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." *Pinchi*, 792 F. Supp. 3d at 1035 (citing *Zadvydas*, 533 U.S. at 690). Respondents do not dispute that ICE previously determined Petitioner did not pose a risk of flight or a danger to the community and point to "no evidence that these findings have changed." *Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) (citing *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Indeed, Petitioner has demonstrated that he was complying with his required check-ins at the time that he was re-detained. (*See* Doc. 1 ¶¶ 1, 4.) Third, Respondents' interest in detaining Petitioner without a hearing is low. As the court in *Pinchi* noted, "[d]etention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest." 792 F. Supp. 3d at 1036; *see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Accordingly, the Court concludes that due process requires Petitioner to be released from custody and receive a bond hearing before an immigration judge before he can be re-detained. To the extent Respondents argue that Petitioner is entitled only to a bond hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

### IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his detention on July 10, 2025.

4

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive notice of the reasons for his re-detention and a hearing before an immigration judge to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED.**

DATE: February 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

5

3:26-cv-00261-RBM-MSB